## GARST v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 12, 1910.)

### No. 961.

1. CRIMINAL LAW (§ 778*)—TRIAL—INSTRUCTIONS.
    Where the court charged the jury in a criminal case that "every person is presumed by the law to be innocent, and the burden is on the government to prove beyond a reasonable doubt that the defendants are guilty as charged in the indictment," it was not error to refuse to charge further that "such presumption of innocence is not a mere form which the jury may disregard at its pleasure, but a substantial part of the law of the land and binding upon the jury in this case."
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1847; Dec. Dig. § 778.*]

2. CRIMINAL LAW (§ 552*)—INSTRUCTIONS—SUFFICIENCY OF CIRCUMSTANTIAL EVIDENCE.
    In order to convict on circumstantial evidence, not only must all the circumstances concur to show that the defendant committed the crime, but they must be inconsistent with any other rational or reasonable conclusion, and an instruction that the jury should acquit if the facts are "equally consistent" with innocence or guilt is erroneous.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1257–1262; Dec. Dig. § 552.*]

3. CRIMINAL LAW (§ 829*)—INSTRUCTIONS—BURDEN AND MEASURE OF PROOF.
    The refusal of a requested instruction in a criminal case that "no amount of suspicion, however grave or serious, will justify you in finding the defendant guilty," was not error where the jury had been correctly instructed that the burden rested on the government to prove every fact necessary to establish the guilt of the accused beyond a reasonable doubt.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

4. CRIMINAL LAW (§§ 829, 1172*)—INSTRUCTIONS—PREVIOUS GOOD CHARACTER.
    Where the court in a criminal case instructed the jury that "the previous good character of defendants ought to be considered together with all the other facts in evidence," it was not error to refuse to charge further that "the law presumes that a man whose character is good is less likely to commit a crime than one whose character is not good," and, while the instruction was erroneous in assuming that previous good character was proven, the error was not prejudicial to defendant.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3160; Dec. Dig. §§ 829, 1172.*]

5. CRIMINAL LAW (§ 858*)—TRIAL—TAKING COPY OF INSTRUCTIONS TO JURY ROOM.
    Where the court in a criminal case charged orally and also gave certain written instructions requested by defendant, it was not error to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

overrule a motion to permit the jury to take such written instructions to their room.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2056–2059, 2062; Dec. Dig. § 858.*]

**6. CRIMINAL LAW (§ 1093*)—APPEAL AND ERROR—SUFFICIENCY OF BILL OF EXCEPTIONS.**

A bill of exceptions setting out that the judge at a time when the jury had been recalled into court "told the jury that in his opinion the evidence showed the defendants to be guilty and stated the reasons therefor," but which does not set forth what the judge said in stating his reasons, is insufficient to sustain an assignment of error, except to the fact of giving such an opinion at the time it was given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2828–2833, 2919, 2920; Dec. Dig. § 1093.*]

**7. CRIMINAL LAW (§ 762*)—INSTRUCTIONS—EXPRESSION OF OPINION AS TO GUILT OR INNOCENCE OF DEFENDANT.**

While it is not error in the federal courts for the trial judge to state his opinion as to the guilt or innocence of the defendant in a criminal case if given to the jury with the proper explanation that it has no binding force, yet, when such opinion is given, it should be in connection with the instructions; and withholding it until it appears likely that the jury will not agree is a practice not to be commended.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731, 1750, 1754, 1758, 1759, 1769; Dec. Dig. § 762.*]

Waddill, District Judge, dissenting.

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke.

G. W. Garst was convicted of a criminal offense, and brings error. Reversed.

R. H. Willis, for plaintiff in error.

Barnes Gillespie, U. S. Atty (Samuel H. Hoge, Asst. U. S. Atty., on the brief).

Before PRITCHARD, Circuit Judge, and WADDILL and KELLER, District Judges.

KELLER, District Judge. This is a writ of error to a judgment pronounced against the plaintiff in error by the District Court of the United States for the Western District of Virginia on the 29th day of June, 1909, upon an indictment for removing and concealing spirits in violation of the revenue laws of the United States.

The indictment under which this conviction was had consisted of four counts, and the verdict of the jury found the defendant not guilty of the charges contained in the second, third, and fourth counts of the indictment, but guilty of the charge contained in the first count of the indictment to the effect that the said defendant, G. W. Garst, "did unlawfully remove and aid and abet persons, to the grand jury unknown, in the removal of certain distilled spirits, to wit: seventy-six gallons of corn whisky upon which the tax imposed by law had not been paid, from a distillery, to wit: G. W. Garst's distillery, to a place other than the distillery warehouse provided by law, to wit: Patrick county, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States." A number

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of bills of exception were taken in the progress of the trial, and after its close an assignment of errors, consisting of nine paragraphs, was prepared by counsel for the plaintiff in error.

Before discussing the assignments of error which seem to be properly taken and are therefore necessary to be considered in the determination of this case, it seems proper to once more call attention to the requirements of the rules of this court in relation to assignments of error. Rule 11 [1] provides that, when the error assigned is to the admission or rejection of evidence, "the assignment of errors shall quote the full substance of the evidence admitted or rejected. When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused. * * * When this is not done counsel will not be heard except at the request of the court, and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

Many of the assignments of error presented in this record were not prepared in conformity with the rule from which the above quotation was taken, and one of them (the fifth assignment) is remarkable in that there is no bill of exceptions to support it. This assignment reads:

"Fifth: The court erred, as set forth in the defendant's bill of exceptions No. 8, in instructing the jury that the records of the G. W. Garst distillery were not offered in evidence to show how much whisky had been made and how much tax paid, but for the purpose of showing the cost of manufacture of said spirits."

As stated above, no bill of exceptions No. 8 appears in the record, and we cannot too earnestly remind counsel that this court cannot supply omissions nor rectify errors in the preparation of these matters, and ought not to be asked to puzzle over such conditions as are disclosed by this assignment.

Some assignments of error, not the subject of objections hereinabove mentioned, were not urged in argument, and may be considered as abandoned; others, relating to the admission of evidence, challenged as irrelevant, are clearly without merit, and we do not find it necessary to consider any except the third, fourth, and sixth assignments of error.

The third assignment of error relates to alleged errors concerning several written instructions and changes made therein by the court, as to which exceptions were saved by appropriate bills of exception, and is in the following language:

"Third. The court erred in refusing to give instruction offered by the defendant, Nos. 1, 2, 3, and 7, and in altering the said instruction in the following particulars; that is to say in the defendant's instruction No. 1, as set forth in the defendant's bill of exceptions No. 2, the court struck out the following words, 'that such presumption of innocence is not a mere form which the jury may disregard at its pleasure but a substantial part of the law of the land and binding upon the jury in this case.' And as appearing from the said bill of exceptions the court likewise struck out from the said instructions the following words: 'If such facts might also be true and the defendant be innocent, then it makes no difference how much stronger the probability of his guilt than his innocence, you must acquit'—and, as shown by the said bill of exceptions, the court added to the said instructions the following words: 'Yet if the facts are equally consistent with innocence you

[1] 79 C. C. A. xxvii, 150 Fed. xxvii.

should acquit.' And in the defendant's instruction No. 2, as set forth in the defendant's bill of exceptions No. 3, the court struck out the following words: 'No amount of suspicion, however grave or serious,' and inserted the words 'suspicion of guilt.' And the court likewise added to the said instruction the words, 'you must be satisfied of guilt beyond all reasonable doubt.' And in the defendant's instruction No. 3 the court struck out the words 'for the law presumes that a man whose character is good is less likely to commit a crime than one whose character is not good.' And in the defendant's instruction No. 7, as set forth in the defendant's bill of exceptions No. 4, the court struck out the words, 'as appears by the official record.' "

We are satisfied that the action of the trial court, as disclosed by bills of exception Nos. 3 and 5, touching instructions Nos. 2 and 7, was without error and fully justified by the weight of authority.

Bill of exceptions No. 2 is in the following words:

"Be it remembered that upon the trial of this cause, after the evidence had been concluded, the defendants, by counsel, moved the court to instruct the jury as follows:

" '(1) The court instructs the jury that the mere fact that the defendants are accused of a crime or that the grand jury has indicted them does not raise any presumption against them whatever, but that every person is presumed by the law to be innocent, and the burden is on the government to prove beyond a reasonable doubt that the defendants are guilty as charged in the indictment; that such presumption of innocence is not a mere form which the jury may disregard at its pleasure, but a substantial part of the law of the land and binding upon the jury in this case. If, therefore, the government fails to prove to you every fact necessary to establish the guilt of the accused beyond a reasonable doubt, you must acquit them. And in this connection you are instructed that circumstantial evidence should be weighed with extreme caution and a doubt as to any one fact or circumstance necessary to establish the guilt of the accused is conclusive and you must acquit, and that, even though every fact be proven and such a state of affairs be shown to you as if true would be entirely consistent with the guilt of the accused if such facts might also be true and the defendants be innocent, then it makes no difference how much stronger the probability of his guilt than his innocence, you must acquit.'

"Which instruction the court then and there refused, but, instead, gave the following instruction:

" '(1) The court instructs the jury that the mere fact that the defendants are accused of a crime or that the grand jury has indicted them does not raise any presumption against them whatever, but that every person is presumed by the law to be innocent, and the burden is on the government to prove beyond a reasonable doubt that the defendants are guilty as charged in the indictment. If, therefore, the government fails to prove to you every fact necessary to establish the guilt of the accused beyond a reasonable doubt, you must acquit them. And in this connection you are instructed that circumstantial evidence should be weighed with great caution, and a reasonable doubt as to any one fact or circumstance necessary to establish the guilt of the accused is conclusive, and you must acquit, and that, even though every fact be proven and such a state of facts be shown to you as if true would be entirely consistent with the guilt of the accused, yet, if the facts are equally consistent with innocence, you should acquit.' "

The first change which the court made in this requested instruction was in striking out the words, "That such presumption of innocence is not a mere form which the jury may disregard at its pleasure, but a substantial part of the law of the land and binding upon the jury in this case." As to this portion of the instruction, while in some cases its equivalent has been given and approved, we are of opinion that the defendant was not prejudiced by the failure of the court to give those

words, inasmuch as the court had already stated to the jury that "every person is presumed by the law to be innocent, and the burden is on the government to prove beyond a reasonable doubt that the defendants are guilty as charged in the indictment." There is no warrant for the idea that the jury might infer that those words were a mere form, and therefore no necessity to particularly emphasize this phase of the law. Cochran & Sayre v. United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704. Further along in the instruction the court modified the word "doubt" by inserting before it the word "reasonable," a change which was not only free from error, but was necessary to correct the instruction which, without it, would have been clearly erroneous. Still further along in the first instruction, the court was asked to charge upon the effect of circumstantial evidence as follows:

"That even though every fact be proven, and such a state of facts be shown to you as, if true, would be entirely consistent with the guilt of the accused *if such facts might also be true and the defendants be innocent, then it makes no difference how much stronger the probability of his guilt than his innocence, you must acquit.*"

The court declined to give the words above italicized, but gave in lieu thereof the following words:

"Yet, if the facts are equally consistent with innocence, you should acquit."

This substitution is assigned as error, and it is urged that it was misleading to the jury as only directing an acquittal in the event the circumstantial evidence was equally as consistent with innocence as with guilt.

While we are convinced that the court used the word "equally" in the sense of "also," we think nevertheless that there is substantial merit in this assignment of error. The rule in regard to circumstantial evidence is that all the essential facts and circumstances shown in evidence must be consistent with the defendant's guilt and inconsistent with every other reasonable hypothesis. Unquestionably the instruction as presented to the court was faulty, in that the language used did not limit the direction to acquit to a reasonable or rational hypothesis of innocence, but instructed the jury that, if the facts proven "might also be true and the defendants be innocent, the jury must acquit"; but, when the court undertook to reframe the instruction, we think the instruction as given should have gone as far as the weight of authority authorized, and should not have made it possible for the jury to infer that they were only authorized to acquit in the event that the proved essential facts and circumstances were "equally as consistent" with the innocence as with the guilt of the defendants, for the practically unbroken line of decisions is to the effect that, in order to convict on circumstantial evidence, not only must all the circumstances concur to show that the defendant committed the crime, but they must be inconsistent with any other rational or reasonable conclusion, and that the refusal to give such an instruction is error. See Hughes' Instructions to Juries, §§ 311–314, and the cases there cited. In the same

assignment of error the plaintiff in error complains that the court erred in refusing instruction No. 2, offered in the following words:

"The court instructs the jury that no amount of suspicion, however grave or serious, will justify you in finding the defendant guilty."

And in giving in place thereof the following:

"The court instructs the jury that suspicion of guilt will not justify you in finding the defendant guilty. You must be satisfied of guilt beyond all reasonable doubt."

Clearly there was no error in refusing the instruction asked for, especially in view of the fact that the court had already instructed the jury in instruction No. 1 that "the burden is on the government to prove beyond a reasonable doubt that the defendants are guilty as charged in the indictment. If, therefore, the government fails to prove to you every fact necessary to establish the guilt of the accused beyond a reasonable doubt, you must acquit them." We think the court would have been justified under the circumstances in refusing this instruction without giving anything in lieu thereof, and are quite clear that this specification of error is without merit. Hughes on Instructions to Juries, §§ 20–22, and cases cited.

The same may be said of the specification in relation to instruction No. 7, which appears in bill of exceptions No. 5, instead of No. 4, as stated in the assignment of errors. This specification was not mentioned in the argument and was apparently waived, but it is certainly without merit, as it made the court say to the jury that a certain fact "appears by the official record," whereas it was for the jury to determine what facts were shown by such record.

This assignment of error further complains of the action of the court in relation to the third instruction offered by the defendant below, which was offered as follows:

"The court instructs the jury. that the previous good character of the defendants ought to be considered together with all the other facts in evidence, in passing upon the question. of their guilt or innocence of the charge, *for the law presumes that a man whose character is good, is less likely to commit a crime than one whose character is not good.*"

The court struck out the words above italicized in the instruction, and gave the remainder of it and this is assigned as error. We think there is no merit in this assignment of error for several reasons: The clause stricken out institutes a comparison between a man whose character has been proved good and one whose character is not good. There is no warrant for an instruction based upon such comparison, because the law presumes that every defendant's character is good, and the sole effect of evidence introduced by him tending to affirmatively show such good character is to strengthen the presumption of innocence which already exists in his favor by virtue of this presumption of law. The government is not allowed to show as a part of its case that any defendant's character is not good; and therefore in our judgment there is no warrant whatever for instituting in an instruction a comparison between the character of a man who has presented evidence tending to show that his character is good and a man whose character is not good.

It would undoubtedly have been correct to ask the court to instruct the jury that evidence of good character is proper to be considered by the jury as strengthening the presumption of innocence which exists in his favor, but we are clear that the court can never be required to institute a comparison. We further think that the court erred in giving the instruction as amended in that the instruction assumes that the evidence given in relation to the previous good character of the defendant amounted to proof of that fact. In other words, the instruction should have read: "The court instructs the jury that evidence of the previous good character of the defendants ought to be considered," etc.—instead of saying to the jury that "the previous good character of the defendants ought to be considered," because the latter phrase practically told the jury that such previous good character had been proven, whereas the question of the weight to be given to the evidence tending to prove such character was exclusively a matter for the jury. However, such error was certainly not prejudicial to the defendant below, and, therefore he could not complain of it.

The fourth assignment of error was to the action of the court in overruling the motion of the defendant below to permit the jury to take the written instructions given by the court to their room with them. This matter was in our judgment a question within the discretion of the court, and therefore not reviewable upon writ of error except for such obvious abuse of discretion as might exist in permitting a jury to take instructions framed upon one assumption of facts proved, and refusing to permit them to take those framed on the converse assumption. No such case existed here, but the court had instructed the jury orally and could well assume that if the jury was given permission to take the written instructions framed by defendant's counsel to their room, being unable to have before them the oral charge of the court, they might give undue prominence in their deliberations to those instructions, framed by counsel for the defendant, and of course favorable to him, and the action of the court in this matter was not error.

᠁ew of what we have already stated in relation to bill of exception No. 2, it is perhaps unnecessary to refer to any of the other assignments of error, and yet we cannot forbear to call attention to one of them, as well to convey our view of the insufficiency of the bill of exceptions taken thereon as to deprecate, except in special cases, any departure from the usual and established order of proceedings in criminal cases.

The eleventh bill of exceptions, referred to in the sixth assignment of errors, sets forth:

"That after the court had instructed the jury on Saturday, the 26th day of June, 1909, and the case had been fully argued by counsel, the same was submitted to the jury, who thereupon retired to their room for deliberation, and at the hour for adjournment the court ordered the marshal to call the jury into the courtroom, and asked them if they had agreed upon a verdict, whereupon the jury stated that they had not agreed upon a verdict, and they were adjourned over until Monday, June 28th, at 10:00 a. m., and, the jury having at that time assembled in the courtroom, the court then stated to them that he had not intended to express to them his opinion on the facts, but after having reflected upon the case since the adjournment Saturday afternoon, he would express to them his opinion on the facts. The court then told the jury that they were not bound by his opinion, and that it was offered

for what they might think it worth. He then told the jury that in his opinion the evidence showed the defendants to be guilty, and stated the reasons therefor, and concluded by again instructing the jury that they were not bound by his opinion on the facts, to which action," etc.

This bill of exception in our opinion is insufficient upon which to predicate error because it does not set forth what the court said to the jury in the way of his reasons for his opinion, and hence is only good as a charge of error in giving such an opinion at the time it was given.

That in the federal courts the judge may express his opinion as to the guilt or innocence of the accused, if such expression of opinion is given to the jury with the proper explanation, that it has no binding force whatever, is well established, and we should be very reluctant to say that an expression of opinion so guarded was error. Yet at the same time we are of opinion that ordinarily, if it is thought proper in a given case, to give to the jury the benefit of the court's opinion for what it may be worth, there would seem to be no good reason why such opinion should not be given in connection with the charge of the court and the instructions submitted, so that there should be no possible danger of its making more of an impression upon the mind of the jury than the court desired, or than it properly should make. If given in such a way and at such a time we are persuaded that it could have no more weight with the jury than that properly accorded to the views of an intelligent, unprejudiced man, learned in the law and attentive to the evidence, and so given, would never be accorded undue weight; but it is entirely possible that if that same jury has been considering the case patiently and has been unable to agree and has reached that stage at which they are about convinced that they will be unable to agree, and they are then called in by the judge of the court and told that he has reflected upon the case, and that in his opinion the defendant is guilty and he marshals the reasons for his opinion, there is some danger that his opinion will exercise an influence which would not have been accorded to it had it been expressed along with the submission of the legal instructions and immediately in connection with the arguments of counsel; and this may, and, indeed, under such circumstances, is quite likely to be true, even though the court carefully endeavors to keep its influence within the bounds assigned to it by the approved practice of the federal courts. For these reasons we would deprecate a practice of withholding such opinion until a time when it appears likely that the jury may not agree without its expression.

For the reasons given in our discussion of the assignment of error based upon the first instruction contained in bill of exceptions No. 2, we are of opinion that the judgment in this case must be reversed and the case remanded to the District Court of the United States for the Western District of Virginia, and a new trial awarded.

It is accordingly so ordered.

Reversed.

WADDILL, District Judge (dissenting). I am unable to concur either in the conclusions reached, or the views expressed by the majority in this case. The evidence in my opinion abundantly supports the verdict of the jury, and the judgment of approval thereof rendered

by the court, and the record fails to show any error committed prejudicial to the accused, for which there should be a reversal. I especially desire to express my nonconcurrence in what is said in commenting on the action of the trial judge in expressing an opinion upon the facts of the case. While it may be conceded that generally in the courts of the states of the Union the exercise of this authority on the part of the trial judge is not permitted, still nothing is better settled than the right to do so in the federal courts, where the English rule on the subject prevails, and that their action in so doing is not the subject of review, provided no rule of law is incorrectly stated, and the matters of fact are ultimately submitted to the determination of the jury. Lovejoy v. United States, 128 U. S. 171, 173, 9 Sup. Ct. 57, 32 L. Ed. 389; Star v. United States, 153 U. S. 614, 14 Sup. Ct. 919, 38 L. Ed. 841; Breeze v. United States, 106 Fed. 680, 45 C. C. A. 853, Id., 108 Fed. 804, 48 C. C. A. 36. Indeed, this right is apparently conceded by the majority; but the court undertakes to limit the time when the trial court may express its opinion upon the facts and determine what weight should be given to what the judge says. I am unable to concur with the views expressed on either of these positions. If the right of the trial court can be prescribed in the manner indicated as to the time when it may express an opinion on the facts of the case, it will largely destroy the benefits intended to be given by the exercise of the authority, and, if what the trial judge says carries with it no greater weight than that indicated in the opinion of the majority, it is unfortunate that such power exists at all, and the same should never be exercised. Allis v. United States, 155 U. S. 117, 121, 122, 15 Sup. Ct. 36, 39 L. Ed. 91; Allen v. United States, 164 U. S. 492–501, 17 Sup. Ct. 154, 41 L. Ed. 528; Burton v. United States, 196 U. S. 283, 304, 306, 25 Sup. Ct. 243, 49 L. Ed. 482. The object of permitting the trial court to express an opinion upon the facts of a case, leaving their determination for the ultimate judgment of the jury, was designed for some good purpose; that is, to facilitate the administration of justice, and to materially aid the jury in arriving, without undue delay, at a just and correct conclusion, and hence to trial judges must necessarily be given the right, if they are to act at all, to say in what cases, when, and under what circumstances they shall express their views on the character, credibility, weight, and sufficiency of the evidence, leaving always to the jury the right to finally determine the facts; and to the views of courts, when so expressed, weight and consideration should be given by the jury, having regard to the character, the learning, ability, discriminating judgment and experience of the judge so announcing the same.