. BARHAM v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 17, 1926.)

No. 7281.

1. **Indictment and information ⊜⟞71—Indictment for possessing liquor in Indian country held sufficiently definite.**

Indictment charging that defendant in a particular county, on or about a particular date, possessed intoxicating liquor in Indian country, to wit, the county previously named, *held* sufficiently definite and certain as against objection first made in appellate court.

2. **Criminal law ⊜⟞656(5)—Court's disparagement of particular witness, and expression of disbelief of his testimony, held reversible error.**

In prosecution for possessing liquor, court's statement that he did not believe deputy sheriff's testimony, had no respect for him, and that, so long as men like him wore deputy sheriff's commission, 15 year old girls would be at dances drinking liquor, *held* improper comment on evidence, constituting reversible error.

Stone, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Burt Barham was convicted of feloniously possessing intoxicating liquor in Indian country, and he brings error. Reversed.

Fred A. Tillman, of Pawhuska, Okl. (John W. Tillman and Welcome D. Pierson, both of Pawhuska, Okl., on the brief), for plaintiff in error.

W. L. Coffey, Asst. U. S. Atty., of Tulsa, Okl. (John M. Goldesberry, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. The defendant below, Burt Barham, was convicted in the District Court for the Northern District of Oklahoma for the felonious possession of intoxicating liquor in an Indian country, and brings error. Two objections only are seriously pressed on this appeal.

[1] First, that the indictment failed to state facts sufficient to constitute the crime charged. The material part of the indictment is as follows:

"That Burt Barham, Tina Barham, * * * in Osage county, state of Oklahoma, Northern district of Oklahoma, and within the jurisdiction of this court, did, on or about the 2d day of August, 1925, willfully, unlawfully, and feloniously have possession of certain intoxicating liquor, to wit, one gallon and one-half pint of whisky, in and upon an Indian country, to wit, Osage county, Oklahoma, contrary to the form of the statute," etc.

It is said that this is indefinite and uncertain, does not apprise the defendant of the charge against him, and requires him to meet testimony that at any time in the day or night, within three years of the filing of the indictment, or at any place in said county, he possessed whisky.

The question was not called to the attention of the trial court, either by a demurrer to the indictment, motion to quash, or in any other manner. The indictment states a statutory offense in the words of the statute; so is good against attack made after trial, and especially when raised in this court for the first time. In Ledbetter v. U. S., 170 U. S. 606 at page 613, 18 S. Ct. 774, 776 (42 L. Ed. 1162) it is said: "While in this country it is usual to state the town as well as the county, it has not been generally deemed necessary to do so, and most of the authorities assume that an allegation is sufficient *after verdict* which shows it to have been done within the jurisdiction of the court."

And on page 614 of the same case (18 S. Ct. 777): "We do not wish to be understood as approving the practice that was pursued in this case, or even as holding that this indictment might not have been open to special

demurrer for insufficiency as to the allegations of time and place, but upon motion in arrest of judgment we think it is sufficient."

See, also, Case v. U. S. (C. C. A.) 6 F. (2d) 530.

[2] Secondly, our attention is called to certain language of the court found in the instructions. Plaintiff in error argues that the comments of the court were such as to prevent the defendant from having a fair and impartial trial, and that the court usurped the functions of the jury. The language objected to is that in which the court stated that he drew certain inferences, and expresses the opinion that certain material facts were true, although, as the court says, "there is no evidence of that." It is then stated that the court not only did not believe the testimony of a deputy sheriff produced as a witness for the defense, but added that he had no respect and no regard for him, "and my judgment is, as long as men like him wear a deputy sheriff's commission, why 15 year old girls will be at dances drinking liquor. That is my opinion of his evidence. I don't give it any credence, have no respect for it, but that is only my idea of how his evidence appeals to me. You may look at it entirely different, and that is your business, and your responsibility."

We have cited the authorities, and discussed the same question in Cook v. U. S., No. 7348, 14 F.(2d) 833, decided this day, and a repetition of our views would serve no useful purpose. Following that case, this judgment must be reversed.

And it is so ordered.

STONE, Circuit Judge (dissenting in part). I concur in that portion of the majority opinion concerning the indictment. As to the other portion, dealing with comments in the charge, I find myself unable to agree.

An outstanding feature of the practice in federal courts is to permit the court to "comment" upon the evidence. In my judgment, that right, and often duty, is an efficient method of securing justice and should be carefully preserved. "Comment" is not confined to mere statement of the evidence. The judge is not merely a memory aid to the jury. He is, in a sense, an adviser. He may express his opinion as to the evidence. The jury is not bound by his views and should be clearly informed that they are not but he has the right to express such views and they may consider them for what they deem them to be worth. From him comes the only disinterested, impartial, experienced help that the jury can expect in the trial of a case.

In the present case, there is no proper assignment of this error and, the accused being clearly guilty under the evidence, justice is not promoted by considering this point. However, if the assignment were sufficient, the court clearly and repeatedly cautioned the jury that they were not bound by his views, but must determine the case upon their own conception of the evidence.

To my mind, the record affirmatively shows the jury were not unduly influenced by any comments made by the court. That they carefully considered the evidence and determined the result for themselves is shown by the circumstances that, after some consideration of the case, they returned and asked that certain designated parts of the testimony, about which they were in doubt or difference, be read to them. This was done without comment of any kind.

I think the judgment should be affirmed.