### COOK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1927.)

No. 7495.

**1. Criminal law ⬅⟹656(8)—In commenting on facts, federal judge may not become advocate.**

The line of demarcation between what a court may say to the jury in a criminal case in expressing his opinion on the facts, and what he may not say, is to be drawn between mere expressions of opinion, not of such argumentative nature as to amount to advocacy, leaving to the jury absolute freedom to determine the facts, and such discussion as amounts to an argument and makes the court in fact an advocate against the defendant.

**2. Criminal law ⬅⟹1166½.(12)—Argumentative comment of judge on evidence and credibility of witness held prejudicial.**

Comments of the judge on the evidence and credibility of witnesses *held* so argumentative as to constitute error.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Criminal prosecution by the United States against William Cook and another. Judgment of conviction, and defendant Cook brings error. Reversed and remanded.

John T. Harley, of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (W. B. Blair, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

KENYON, Circuit Judge. This is a writ of error from a judgment of the United States District Court for the Northern District of Oklahoma. Plaintiff in error and one Jasper Cox were indicted on the charge of unlawfully conspiring together and with one Charlie Jimerson to willfully, wrongfully, corruptly, and feloniously manufacture, transport, and sell intoxicating liquor. Both defendants in the trial court were convicted, but only Cook brings writ of error. It is alleged that Cook, a justice of the peace, and Cox, a constable, in one of the townships in Creek county, state of Oklahoma, for a money consideration, agreed to furnish protection to Jimerson in the manufacture, sale, and transportation of intoxicating liquors.

Five specifications of error are urged. One relates to the refusal of the court to instruct the jury on the theory that witness C. B. Aubrey was an accomplice, the request being that his testimony should be viewed with the greatest caution. A complete answer to this is that there is no evidence that shows or tends to show that Aubrey was an accomplice.

[1] Another error is claimed in the instruction of the court relative to discrepancies in the testimony as to which witness gave a $10 or $5 bill to defendant Cook. The court told the jury this was of minor importance, "except in so far as its effect in determining the credibility of the witnesses and for the purpose of determining for what purpose the money was paid." We see no cause for complaint as to this. Some other errors urged are of a rather trivial nature. The only one of serious import is in relation to a certain instruction of the court, which in part is as follows:

"It is my opinion from this testimony that these darkies told the truth about this matter. I observed this witness Nelson upon the stand, his demeanor and his manner, the partner of Mr. Cook, as he says, in the garage and gasoline and oil business. He didn't appear to me to be a frank witness; his evidence didn't appeal to me as being truthful; it didn't appeal to me that he really knew whether he could recognize his own writing or not. I have examined carefully these exhibits, but that is only an opinion of mine. You may have entirely a different one. I think they were all made out at the same time, and at the same place; that is my candid opinion about it. I believe these negroes went down there and paid this money for the purpose of which they stated, in order that they might dispense liquor out at the parties that they had on various Saturday nights when they had them. Now, that is the way the evidence strikes me, gentlemen; but my opinion is not controlling or in any way binding upon you gentlemen. I am of the opinion that this conspiracy existed as charged in this indictment from this evidence introduced; but that is the deduction that I draw from the evidence which is in no way controlling upon you gentlemen."

The question of the veracity of these witnesses was vital in the case. If their evidence as to payment of money to Cook was not believed by the jury, unquestionably there would have been a verdict for defendants.

This and other courts in numerous cases have had presented to them the question of alleged error in instructions of a trial court, where it was claimed on the one side that the language used was merely an expression of opinion on the evidence, and on the other, that the court assumed the position of an advocate and attempted to argue the case. No hard and fast rule can be laid down as to just how far a court may go. It is settled by practically all the decisions that the trial court may comment upon the evidence and express his opinion upon the facts, provided he is careful to see that the jury understands that their province of dealing with the fact questions involved is not invaded.

In Starr v. United States, 153 U. S. 614, 624, 625, 626, 627 and 628, 14 S. Ct. 919, 923 (38 L. Ed. 841) the court said: "It is true that in the federal courts the rule that obtains is similar to that in the English courts, and the presiding judge may, if in his discretion he think proper, sum up the facts to the jury; and if no rule of law is incorrectly stated, and the matters of facts are ultimately submitted to the determination of the jury, it has been held that an expression of opinion upon the facts is not reviewable on error. * * * It is obvious that under any system of jury trials the influence of the trial judge on the jury is necessarily and properly of great weight, and that his lightest word or intimation is received with deference, and may prove controlling. * * * Whatever special necessity for enforcing the law in all its rigor there may be in a particular quarter of the country, the rules by which and the manner in which the administration of justice should be conducted are the same everywhere, and argumentative matter of this sort should not be thrown into the scales by the judicial officer who holds them." Vicksburg & Meridian Railroad Co. v. Putnam, 118 U. S. 545, 7 S. Ct. 1, 30 L. Ed. 257; Lovejoy v. United States, 128 U. S. 171, 9 S. Ct. 57, 32 L. Ed. 389; Simmons v. United States, 142 U. S. 148, 12 S. Ct. 171, 35 L. Ed. 968; Allison v. United States, 160 U. S. 203, 16 S. Ct. 252, 40 L. Ed. 395.

This court in Rudd v. United States (C. C. A.) 173 F. 912, 914, has laid down the rule as follows: "We do not mean to impair in any degree the right of a trial court in both civil and criminal cases to comment upon the facts, to express its opinion upon them, and to sum up the evidence, for that is one of the most valuable features of the practice in the courts of the United States. A judge should not be a mere automatic oracle of the law, but a living participant in the trial, and so far as the limitations of his position permit should see that justice is done. But his comments upon the facts should be judicial and dispassionate, and so carefully guarded that the jurors, who are the triers of them, may be left free to exercise their independent judgment."

In Weare v. United States (C. C. A.) 1 F.(2d) 617, 618, it was pointed out that a court should not be permitted in a criminal case to argue the jury into a verdict of guilty. An argument of the court might practically amount in its effect to an instructed verdict of guilt, which violates every principle of law.

In a case in which this same defendant was involved (Cook v. United States [C. C. A.] 14 F.[2d] 833) this court reversed the conviction on account of the instructions of the court, holding them to be argumentative and nonjudicial in character. Likewise Barham v. United States (C. C. A.) 14 F.(2d) 835. See Lewis v. United States (C. C. A.) 8 F. (2d) 849; also, involving a somewhat different state of facts, Weiderman v. United States (C. C. A.) 10 F.(2d) 745. This court, in the late case of Buchanan v. United States

(C. C. A.) 15 F.(2d) 496, has carefully reviewed the various cases on this subject.

In other circuits we refer to Wallace v. United States (C. C. A.) 291 F. 972, where Judge Denison has very clearly stated the rule as follows: "We understand the net effect of the decisions to be that while, under proper conditions, the judge may express his opinions and the reasons for them, and discuss the testimony, his charge must remain, upon the whole, impartial, dispassionate and judicial, and must not be argumentative to a degree which makes it characteristically an act of advocacy. See authorities reviewed in the Tuckerman opinion. For a trial judge to do what may well seem to him his full duty in this direction, and not unconsciously be carried too far, may often be difficult; nor can a reviewing court draw any arbitrary line. The rule above stated must be applied as well as may be in each case."

These cases cannot all be harmonized, but we think the line of demarcation between what a court may say to the jury in a criminal case in expressing his opinion on the facts, and what he may not say, is to be drawn between mere expression of opinion not partaking of such argumentative nature as to amount to advocacy, leaving to the jury absolute freedom to determine the facts, and such discussion as amounts to an argument and makes the court in fact an advocate against the defendant. A trial judge is not merely a moderator or umpire; neither is he an advocate.

[2] The argumentative nature of the part of the instructions objected to (hereinbefore set out) is apparent, and in our judgment the language amounted to an argument for the conviction of the defendant. The court did tell the jury that his opinion on the facts was not controlling upon them, but that did not in our judgment cure the error. Every one knows that suggestions from the court have great weight with a jury, and the argumentative language used in this instruction must have seemed to the jury an advocacy of the government's case, and impressed upon them the court's desire for a conviction. We think it was not such judicial discussion of the evidence as is permissible. Certainly the language is as argumentative as that used by the court in the case of Cook v. United States (C. C. A.) 14 F.(2d) 833, which this court decided necessitated a reversal of the case.

For the reasons stated, the judgment must be reversed, and the cause remanded for new trial. It is so ordered.

Reversed and remanded.