## MORRIS v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 11, 1927.

No. 7454.

**1. Indians &#x21D0;38(4)—Indictment charging possession of liquor in former Indian country held to charge offense (Comp. St. §§ 4137aa, 4136b).**

Indictment *held* sufficient under Act June 30, 1919, § 1 (Comp. St. § 4137aa), making it an offense to have possession of intoxicating liquors in the Indian country, "or where the introduction is or was prohibited by * * * federal statute;" the place charged being in that part of Oklahoma which was formerly Indian Territory, and into which introduction of liquor was prohibited by Act March 1, 1895, § 8 (Comp. St. § 4136b).

**2. Indians &#x21D0;35—Act prohibiting introduction of liquor into former Indian Territory held constitutional (Comp. St. § 4137aa).**

Act June 30, 1919, § 1 (Comp. St. § 4137aa), prohibiting introduction of liquor into country which had formerly been Indian Territory, *held* constitutional.

**3. Judges &#x21D0;25(1)—Act creating Northern district held not invalid, because assigning judge from another district thereto.**

That, before passage of act creating Northern district of Oklahoma, judge presiding in prosecution for violation of Act June 30, 1919,

§ 1 (Comp. St. § 4137aa), making it an offense to possess intoxicating liquors in Indian country, had been appointed junior District Judge of the Eastern district of Oklahoma, and that such act assigned him as judge of the District Court of the Northern district, *held* not to render act void, or to render illegal grand jury presenting indictment, or to invalidate indictment.

**4. Criminal law ☞807(1)—Instruction held not of such argumentative nature as to prejudice defendant's rights.**

Instruction that jury should have no difficulty in arriving at a verdict of guilty, and that defendant had a large quantity of liquor, *held* not of such argumentative nature as to prejudice rights of defendant.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Criminal prosecution by the United States against Monty Morris. Judgment of conviction, and defendant brings error. Affirmed.

Lewis J. Bicking, of Tulsa, Okl. (Bicking & Wilson, of Tulsa, Okl., on the brief), for plaintiff in error.

John M. Goldesberry, U. S. Atty., and W. B. Blair, Asst. U. S. Atty., both of Tulsa, Okl.

Before KENYON, Circuit Judge, and SYMES and MOLYNEAUX, District Judges.

KENYON, Circuit Judge. Plaintiff in error was convicted in the United States District Court for the Northern District of Oklahoma upon an indictment charging possession of a large amount of intoxicating liquor at a place within the limits of what was known as the Indian Territory prior to the admission of Oklahoma into the Union as a state. The indictment was based on the Act of Congress of June 30, 1919, which is as follows:

U. S. Comp. Stat. 1925, Cumulative Supp., Compact Ed.: "Section 4137aa. *Possession of Intoxicating Liquors in Indian Country*— On and after July 1, 1919, possession by a person of intoxicating liquors in the Indian country or where the introduction is or was prohibited by treaty or federal statute shall be an offense and punished in accordance with the provisions of the Acts of July 23, 1892 (Twenty-seventh Statutes at Large, page 260), and January 30, 1897 (Twenty-ninth Statutes at Large, page 506). (June 30, 1919, c. 4, § 1, 41 Stat. 4.)"

Plaintiff in error filed motion to quash the indictment, which was overruled; likewise a motion in arrest of judgment. At the close of the government's case, plaintiff in error demurred to the evidence on the ground that it was insufficient to show he had possession of the intoxicating liquor alleged in the indictment, and that it was insufficient to show the premises were those alleged in the indictment, and that there was a variance between the indictment and the evidence. The demurrer was overruled. No evidence was introduced by plaintiff in error. He was sentenced to 18 months in the penitentiary and to pay a fine of $300.

Eighteen assignments of error are presented. A number thereof are not argued— hence waived. We group and discuss these assignments, which present practically the same questions. The first four relate to the indictment and the claim that it does not state an offense under the federal statutes. This indictment is not drawn under the National Prohibition Act (Comp. St. § 10138¼ et seq.), but under the Act of June 30, 1919, supra. This statute makes it an offense to be in possession of intoxicating liquor in a place where the introduction of intoxicating liquor "is or was" prohibited by treaty or federal statute. The indictment charges that the place is one "where the possession of spirituous and intoxicating liquor is and was prohibited by federal statute."

[1] Plaintiff in error contends that the indictment, to be sufficient, should have charged that the place was one where the introduction of spirituous or intoxicating liquors is or was prohibited. The Act of June 30, 1919, makes possession in territory where introduction was prohibited the offense. Whether or not possession of intoxicating liquor was an offense in the Indian Territory prior to its admission as part of Oklahoma as a state in the Union is immaterial. There is no contention that Tulsa county, where the possession was charged to have occurred, was not a part of the old Indian Territory. The statute prohibits the possession of intoxicating liquor in two classes of cases: (a) Indian country; (b) places where the introduction of liquor was or is prohibited by treaty or federal statute. The government does not claim the place was Indian country, but that the place was one where the introduction of liquor had been prohibited by federal statute. That statute is the Act of March 1, 1895 (28 Stat. c. 145, p. 697), section 8 of which is as follows:

"Any person, whether an Indian or otherwise, who shall, in said territory, manufacture, sell, give away, or in any manner, or by any means furnish to any one, either for himself or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors

or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to anyone, or carrying into said territory any of such liquors or drinks, shall, upon conviction thereof, be punished by fine not exceeding five hundred dollars and by imprisonment for not less than one month nor more than five years." U. S. Comp. Stat. 1918, Compact Ed., § 4136b.

· This act remained in force after the admission of Oklahoma as a state—at least that part of the act prohibiting the introduction of liquor into what had been Indian Territory. Ex parte Webb, 225 U. S. 663, 32 S. Ct. 769, 56 L. Ed. 1248; Browning v. United States (C. C. A.) 6 F.(2d) 801. The indictment in this case was sufficient to charge an offense under the Act of June 30, 1919, supra.

The fifth assignment of error is that the indictment does not state facts sufficient to show that the premises described in the indictment on the date the crime was charged to have been committed was Indian Territory. For the reasons expressed in other parts of the opinion, this assignment is without merit.

The sixth assignment of error, raising the question that the place where the liquor was found was not Indian country, and that the restrictions on the land where the liquor was found had been removed, is without merit, in view of the decision of this court in Lucas v. United States, 15 F.(2d) 32.

[2] The alleged error charged in the seventh assignment relates to the constitutionality of the Act of June 30, 1919. Plaintiff in error argues that the federal government has no police power over the morals or welfare of the citizens of Oklahoma. Congress was not attempting in the passage of this act to exercise police power as to those matters entirely within the jurisdiction of the state of Oklahoma. It was dealing with the question of controlling liquor traffic with the Indian tribes, which power rests with the federal government. The question of the constitutionality of this act was fully discussed by this court in the case of Lucas v. United States, supra, and the act held constitutional. We can add nothing to what is expressed in that opinion. The question is settled so far as this court is concerned.

[3] Under assignments 8 and 9 it is argued that United States Judge F. E. Kennamer, who tried this case, had no authority so to do, on the ground that, before the passage of the act creating the Northern district, he had been appointed junior District Judge of the Eastern district of Oklahoma, and that the act creating the Northern district of Oklahoma

assigned him as judge of the District Court for said Northern District; that the act is for this reason unconstitutional and void, and for the same reason that the grand jury presenting the indictment was illegal and the indictment void. These questions are settled adversely to plaintiff in error's contention in Bland v. Kennamer and Coatney v. Kennamer (C. C. A.) 6 F.(2d) 130; also Buchanan v. United States (C. C. A.) 15 F.(2d) 496. In any event, Judge Kennamer was a judge de facto in the Northern district. Ball v. United States, 140 U. S. 118, 129, 11 S. Ct. 761, 35 L. Ed. 377; McDowell v. United States, 159 U. S. 596, 601, 16 S. Ct. 111, 40 L. Ed. 271.

We have considered and find no merit whatever in assignments 10, 11, 12, 13, 16, and 18.

[4] The fourteenth assignment of error relates to the instructions of the court. It is claimed that certain remarks of the court constitute prejudicial error. These remarks are as follows:

"Now, gentlemen, this is a very simple case, in my judgment. What I say to you is not binding on you. You are the sole judges of the facts, and it is for you to determine where the weight of the evidence lies. It appears to me there is only one conclusion to be reached from this testimony, and that is that this defendant had that whisky out there, as charged in this indictment; but what I say to you is merely a suggestion, or is advisory to you. The responsibility of determining the facts is entirely with you, and it is your province and your duty under the law to determine what the facts are. In other words, you are responsible to your own conscience and your own oath as to where the truth lies in this case and what the facts are. It occurs to me, as a matter of suggestion, there ought not to be any difficulty in reaching a verdict in this case. This man had a large quantity of whisky out there on his premises and in his custody and control—

"Mr. Bicking: We except to the opinion of the court in advising the jury that, from the testimony, they should have no difficulty in arriving at a verdict, and the statement that the defendant had a large quantity of liquor out there.

"The Court: Yes, of course, gentlemen, as I suggested to you, that is only a suggestion of mine. You should determine what the facts are from the testimony. What I say to you about what the evidence shows is in no way binding on you."

Plaintiff in error urges that these remarks

amount practically to an instruction of guilty. This court has had before it in many cases the question of instructions of an argumentative nature. Weare v. United States, 1 F. (2d) 617; Lewis v. United States, 8 F.(2d) 849; Weiderman v. United States, 10 F.(2d) 745; Cook v. United States, 14 F.(2d) 833; Barham v. United States, 14 F.(2d) 835; Buchanan v. United States, 15 F.(2d) 496 (where many authorities on this subject are reviewed). In the recent case of Cook v. United States, 18 F.(2d) 50 (opinion filed March 7, 1927), this court, referring to the various cases on this subject, said:

"These cases cannot all be harmonized, but we think the line of demarcation between what a court may say to the jury in a criminal case in expressing his opinion on the facts, and what he may not say, is to be drawn between mere expression of opinion, not partaking of such argumentative nature as to amount to advocacy, leaving to the jury absolute freedom to determine the facts, and such discussion as amounts to an argument and makes the court in fact an advocate against the defendant. A trial judge is not merely a moderator or umpire; neither is he an advocate."

We are satisfied in the present case, under the whole record, that the remarks of the court in its instructions objected to were not of such argumentative nature as to prejudice plaintiff in error's rights, and that the case should not be reversed on that ground. It is suggested in argument that the court made certain remarks concerning plaintiff in error's family, which indicated prejudice on its part. There is nothing in the record before us on this subject, and of course nothing for us to pass on in that connection.

The judgment of the trial court is affirmed.