## LESLIE v. UNITED STATES.
### No. 141.

Circuit Court of Appeals, Tenth Circuit.

Sept. 15, 1930.

George R. Craig, of Albuquerque, N. M., for appellant.

Hugh B. Woodward, U. S. Atty., of Albuquerque, N. M. (Gilberto Espinosa, Asst. U. S. Atty., of Albuquerque, N. M., on the brief), for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellant was charged with a third offense of possessing whisky, on February 19, 1929, in a certain building at Carrizozo, N. M. After trial and conviction he was fined $1,000 and sentenced to imprisonment. He appeals, complaining of seven alleged errors, one of which relates to instructions to the jury.

The government's witnesses were a prohibition agent and two sheriffs. They forcibly entered and searched a building at Carrizozo, finding there a keg bearing defendant's name and containing a gallon of whisky, thirteen half-pints of whisky, corks, bottle caps, labels, a rubber tube, a hat and sheep-lined coat, some furniture, and personal belongings. Later, when they met the defendant and told him of the search, he stated he had recently given up the place, but did not have time to remove his effects, and he declined to name the new tenant of the premises, referring them to the owner. One of the officers had seen the defendant wear a similar hat and coat.

On the other hand, the defendant testified that he had formerly occupied the building and had pleaded guilty at the Roswell term of court, turned the place over to his brother Robert, on February 1st, leaving effects there but no whisky, and then permanently removed to a cattle ranch and had not returned to the place. He said he knew nothing of the whisky and did not leave it in the building. A merchant, conducting a store across the street, testified the brother occupied the place on February 19, and paid him the rent for February and March, and he saw the brother there in February, but did not see defendant there, and the last rent defendant paid was in January. The brother testified he was the occupant since the 1st of February, and on February 19, that he had bought the whisky at Carrizozo, for his own use,

and took it to the building ·about the 10th of February.

The government had no direct proof of defendant's possession of the building on February 19th, or of the whisky at any time. It depended for conviction on circumstances, and, in view of the contrary evidence, they might reasonably be considered as consistent with his innocence. The jury should have been left free to decide the issue, and certainly without argument from the court. Yet we find the charge contained this language: "In behalf of the defendant here his brother has gone on the stand and testified that was his liquor. It is for you to say in this case what witnesses you will believe and what witnesses you will not believe. It doesn't seem to me that the brother was telling the truth in the matter. You might say, why then would he take the blame and say it was his liquor? There is a reason for that. I don't mean to tell you it is the reason in this case, but I call your attention to these facts and you may consider them. This defendant is on trial and it is his second offense, he having twice pleaded guilty, and the only penalty the court could impose at that time was a fine. That is the law for a first offense for possession. But now he is on trial for a second possession, and if convicted the court may impose a jail sentence in addition to a fine. It is a reason, under all the circumstances in this case, to conclude that he would shift it on his brother, and let him assume the responsibility, realizing that it would be the imposition of a fine for having this liquor."

After objection, the court added that its opinion was not binding and the jury might absolutely disregard it.

Valuable decisions upon the propriety of comment by the court on the facts, and the limitations applicable to it are found in Weare v. United States (C. C. A.) 1 F.(2d) 617, 619; Lewis v. United States (C. C. A.) 8 F.(2d) 849; Cook v. United States (C. C. A.) 14 F.(2d) 833; Barham v. United States (C. C. A.) 14 F.(2d) ·835; Buchanan v. United States (C. C. A.) 15 F.(2d) 496; Cook v. United States (C. C. A.) 18 F.(2d) 50; Morris v. United States (C. C. A.) 19 F.(2d) 131; Sacramento Sub. Fruit Lands Co. v. Parker (C. C. A.) 36 F.(2d) 926. It was well said in Weare v. United States, supra, that: "The jury can easily be misled by the court. Its members are sensitive to the opinion of the court, and it is not a fair jury trial when the court turns from legitimate instructions as to the law to argue the

facts in favor of the prosecution. The government provides an officer to argue the case to the jury. That is not a part of the court's duty. He is not precluded, of course, from expressing his opinion of the facts, but he is precluded from giving a one-sided charge in the nature of an argument."

We are of the opinion that the charge in this case falls within the foregoing criticism, and was not cured by the later advice to the jury. It could be regarded by the jury only as an appeal for conviction, by persuasive reasoning in a case where it was dependent on circumstances, and where the jury was not instructed concerning the rule applicable to circumstantial evidence.

For this error, the judgment is reversed, and the cause is remanded to the trial court, with direction to grant the defendant a new trial.

Reversed.

LEWIS and McDERMOTT, Circuit Judges ·(concurring in the result).

■ We agree that the case must be reversed. In addition to the part of the charge quoted in the opinion, the trial court told the jury that: "It seems to me, gentlemen, that this defendant is guilty of this crime; it seems to me that he has put up a defense here that will not hold water under this evidence." That is going too far.

But we cannot agree with the statement in the opinion that: "It [the government] depended for conviction on circumstances, and in view of the contrary evidence they might reasonably be considered as consistent with his innocence. The jury should have been left free to decide the issue." If they are so consistent the trial court should have directed a verdict.

■ The rule is stated in many ways, one of which is: "Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial court to instruct the jury to return a verdict for the accused; and where all the substantial evidence is as consistent with the innocence as with guilt, it is the duty of the appellate court to reverse a judgment of conviction." Grantello v. United States (8 C. C. A.) 3 F.(2d) 117, 118.

There are so many cases from the Eighth Circuit that it is needless to cite them all. A considerable number of distinguished jurists from the circuit approved of the rule, and none ever dissented. A few of the cases are: Bishop v. United States (C. C. A.)

16 F.(2d) 410; Beck v. United States (C. C. A.) 33 F.(2d) 107; Sullivan v. United States (C. C. A.) 283 F. 865, 868; Union Pacific Coal Co. v. United States (C. C. A.) 173 F. 737, 740; Willsman v. United States (C. C. A.) 286 F. 852.

A glance into the Digests discloses that the First Circuit has so held: Roukous v. United States (C. C. A.) 195 F. 353. Also the Second: Becher v. United States (C. C. A.) 5 F.(2d) 45; Romano v. United States (C. C. A.) 9 F.(2d) 522, 523; Nosowitz v. United States (C. C. A.) 282 F. 575. Also the Third: McLaughlin v. United States (C. C. A.) 26 F.(2d) 1; Yusem v. United States (C. C. A.) 8 F.(2d) 6; Ridenour v. United States (C. C. A.) 14 F.(2d) 888. Also the Fourth: Garst v. United States (C. C. A.) 180 F. 339. Also the Court of Appeals of the District of Columbia: Cady v. United States, 54 App. D. C. 10, 293 F. 829.

In 16 C. J. 763, the rule is stated: "In order to sustain a conviction on circumstantial evidence, all the circumstances proved must be consistent with each other, consistent with the hypothesis that accused is guilty, and at the same time inconsistent with the hypothesis that he is innocent, and with every other rational hypothesis except that of guilt."

Cases are cited from thirty-nine jurisdictions in support of the text. No contrary authority is cited.

The rule is right. The government must establish guilt. The court must direct a verdict if no substantial proof of guilt is offered. When the proof rests on circumstances which lead as rationally to the conclusion of innocence as of guilt, there is no proof of guilt, and nothing to go to the jury. Juries are not permitted in civil cases to speculate as to the negligence of the defendant (A., T. & S. F. Ry. Co. v. Toops, 281 U. S. 355, 50 S. Ct. 281, 74 L. Ed. 896, and cases there cited); they should not be permitted to guess at the guilt of a defendant in a criminal case.