## SHERMAN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.   November 20, 1920.)

No. 3528.

1. **Customs duties ⚌134—Burden of proving wrongful importation on government.**

Under Rev. St. § 3082 (Comp. St. § 5785), prohibiting the receiving of goods known to have been wrongfully imported, and making the defendant's unexplained possession of such goods sufficient to authorize conviction, no presumption that the goods were imported contrary to law arises from the defendant's possession thereof, and the government has burden of proving this fact.

2. **Customs duties ⚌134—Conviction for receiving wrongfully imported goods not sustained by evidence of defendant's possession.**

In a prosecution under Rev. St. § 3082 (Comp. St. § 5785), prohibiting receiving goods known to have been wrongfully imported, and making defendant's unexplained possession sufficient evidence to authorize conviction, the fact that alleged Mexican intoxicating liquor was found in defendant's possession, and he admitted its ownership, *held* insufficient to show that the liquor was wrongfully imported during the war with Germany.

3. **Criminal law ⚌552(3)—Circumstantial evidence must exclude every reasonable hypothesis, except accused's guilt.**

In a criminal prosecution, where the evidence is purely circumstantial, the proof must exclude every reasonable hypothesis, except accused's guilt.

In Error to the District Court of the United States for the Del Rio Division of the Western District of Texas; Du Val West, Judge.

Charles G. Sherman was convicted of having unlawfully received and concealed imported intoxicating liquors, and brings error. Reversed.

David E. Hume, of Eagle Pass, Tex., for plaintiff in error.
Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The plaintiff in error, Charles G. Sherman, was indicted in the United States District Court for the Western District of Texas, Del Rio Division, for having unlawfully received and concealed 13 bottles of tequila—

"the same being intoxicating distilled spirits, which had been theretofore, but subsequently to September 10, 1917, and during the continuance of the then existing war between the United States and Germany, and before the termination of the period of demobilization, imported into the United States contrary to law, in that the importation of the said spirits was absolutely forbidden during the said period by the laws of the United States of America; the said Charles G. Sherman then and there knowing the same to have been imported contrary to law."

The defendant was convicted and sentenced to six months' imprisonment in the county jail at Val Verde county, Tex.

The defendant introduced no evidence, but at the conclusion of the

evidence for the United States moved the court to instruct the jury to return a verdict of not guilty upon the following grounds:

(a) Because there was no proof introduced to sustain the allegations of the indictment that tequila was intoxicating distilled spirits.

(b) There was no proof of what tequila was.

(c) There was no proof that said tequila had been imported subsequent to September 10, 1917, or during the continuance of the war between the United States and Germany, and before the termination of the period of demobilization, as alleged in the indictment.

(d) There was no proof that such tequila had been imported contrary to law.

The error assigned in this court is that the trial court erred in refusing to direct a verdict of not guilty at the close of all the evidence, upon motion of the defendant, for the several reasons above stated.

The entire evidence in the case was to the effect that on October 5, 1919, defendant's house was searched and 13 bottles of tequila were found therein in a baby buggy covered with a quilt and a pillow. The bottles were labeled, and the labels bore a picture and Mexican stamp. Defendant came in while the search was being conducted, and stated that the tequila was his. He did not state where he got it, or how long he had had it. The only other testimony was that of the customs officers, who testified to the effect that they tasted and smelt the contents of these bottles, and that they knew it to be tequila, which was manufactured in Mexico. One of these officers, on cross-examination, stated that he could not say when the tequila was taken to the place searched.

The statute under which this defendant was indicted provides:

Whoever shall knowingly import into the United States, or whoever shall receive and conceal merchandise, after importation, knowing same to have been imported contrary to law, shall be punished, etc. "Whenever, on trial for a violation of this section, the defendant is shown * * * to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury." Rev. St. § 3082 (Comp. St. § 5785).

The only illegality claimed to exist, in regard to the importation of the tequila in question, is that the same was imported after September 10, 1917, during existence of a state of war between the United States and Germany, and before the period of demobilization. This is the sole charge in the indictment. It was testified by the officers in this case that prior to said 10th of September, 1917, such tequila could be admitted into the United States on payment of duty. There was no evidence in this case as to how long this tequila had been in the United States. For aught that appears, it may have been imported prior to September 10, 1917, and may have passed through the hands of a number of persons in the United States before it came into the possession of the defendant Sherman.

[1] The presumption which is raised by the foregoing statute is simply that, where possession of goods which have been proved to have been imported contrary to law is shown, the burden of explaining such possession is placed upon the defendant. But the statute does not raise any presumption that the goods were imported contrary to law.

The burden of proving this fact beyond a reasonable doubt rests upon the Government. United States v. Lot of Jewelry, 13 Blatchf. 60, Fed. Cas. No. 15,626.

[2, 3] We are unable to find in this case any evidence as to when these goods were imported. The indictment expressly charges that they were illegally imported, because imported after September 10, 1917, during existence of a state of war between the United States and Germany, and before the completion of demobilization, when the importation of the said spirits was absolutely forbidden during the said period by the laws of the United States. The only fact pointing to criminality is that these goods were found in the defendant's possession in a baby buggy covered with a pillow and quilt. The case is purely one of circumstantial evidence, and the rule in such cases is that the proof shall exclude every other reasonable hypothesis, except the guilt of the accused. Wright v. United States, 227 Fed. 855, 142 C. C. A. 379; Garst v. United States, 180 Fed. 339, 103 C. C. A. 469; Vernon v. United States, 146 Fed. 121, 76 C. C. A. 547.

The circumstances above detailed do not indicate when these goods were imported. They may have been imported prior to September 10, 1917, and they may have passed through several hands before they were received by the defendant in this case. The alleged concealment, such as it was, may have been due to reasons other than the fact that these goods had been imported after September 10, 1917, at a time when absolutely forbidden by law. It would be establishing a dangerous precedent to hold that the proof in the case is sufficient to support a verdict of guilty of receiving merchandise illegally imported, as charged in the indictment.

As the judgment must be reversed, because of the refusal of the court to instruct the jury to find the defendant not guilty, because of want of proof that the tequila had been imported subsequent to September 10, 1917, it is unnecessary to pass upon the other questions made in the record.

Judgment reversed.