**UNITED STATES of America,
Appellee,**

v.

**Brenda Joyce MEYER, Appellant.
No. 25764.**

United States Court of Appeals,
Ninth Circuit.
Oct. 26, 1970.

J. Michael Reed (argued), San Diego, Cal., for appellant.

Shelby R. Gott (argued), Joseph A. Milchen, Asst. U. S. Attys., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

Before KOELSCH and ELY, Circuit Judges, and FERGUSON,* District Judge.

* Hon. Warren J. Ferguson, United States District Judge, Los Angeles, California, sitting by designation.

**PER CURIAM:**

Brenda Joyce Meyer was charged in a two count indictment with violating 18 U.S.C. § 545. Count One charged that she smuggled merchandise into the United States from Mexico; Count Two charged that she facilitated the transportation and concealment of such illegally imported merchandise after importation. The District Court, sitting without a jury, found her not guilty as to Count One and guilty as to Count Two. She appeals. We reverse.

The government's evidence is essentially undisputed. When Meyer was stopped for a routine immigration search at an Immigration Patrol inspection site, some 65 miles north of the international border between the States and Mexico, an officer discovered in the trunk of her vehicle a large number of sodium seconal capsules. These were contained in five boxes; on four of the boxes were printed the words "Mexico, D.F." (Department Federal) and on the fifth, "Made in USA, Green Bay, Wisconsin."

Illegal importation of merchandise and knowledge of that fact are essential elements of the crime of which Meyer was convicted. But here there is no evidence to establish either. The most that can be inferred from this evidence is that four of the boxes probably came from Mexico. Whether the boxes contained the seconal capsules when brought into the country and whether the seconal capsules were illegally imported are matters of pure conjecture. Similarly, there is no proof of Meyer's scienter. Mere possession of illegally imported merchandise does not prove the possessor's knowledge of its illegal importation.[1] Nor can the conviction be rested upon the portion of 18 U.S.C. § 545, which provides that possession of imported merchandise is sufficient evidence to authorize a conviction. The presumption cre-

1. In this conclusion we are fully aware that Meyer, on an earlier occasion, had been convicted of smuggling contraband (including a small number of sodium seconal capsules).

ated by that section does not arise, save on proof that the particular goods were unlawfully imported. Kennedy v. United States, 44 F.2d 131 (9th Cir. 1930); Sherman v. United States, 268 F. 516 (5th Cir. 1920) (interpreting former 19 U.S.C. § 1593, which was the predecessor of § 545).

It clearly appearing the government would be unable to present evidence of illegal importation of the seconal capsules on a retrial, and the law being clear, the district court is directed to dismiss the indictment. A petition for rehearing will not be entertained, and the Clerk is directed to issue the mandate forthwith.