## NOSOWITZ et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 27, 1922.)

No. 224.

1. Intoxicating liquors �köm236(4)—Evidence claimed to show offense under business name held not to support conviction of second defendant.

Evidence claimed to show that S. N. manufactured and possessed vessels intended for use in the unlawful manufacture of intoxicating liquor at a factory building bearing the sign "S. N. & Son" did not support a conviction of H. N., without evidence that S. N. had only the one son, or that he even had a son, or that the business name was not a trade-name or the name of a corporation.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Criminal law ⚖=20—Proof of intention essential, unless otherwise provided by statute.**

Unless otherwise provided by statute, one cannot be convicted of crime without proof of an intention to commit a crime.

**3. Intoxicating liquors ⚖=236(5)—No presumption that possession of vessel capable of use as part of still is unlawful.**

National Prohibition Law, tit. 2, § 18, making it unlawful to manufacture or possess for sale any vessel, etc., designed or intended for use in the unlawful manufacture of intoxicating liquor, creates no presumption that the possession of a vessel that might be used as a still, or part of a still, is unlawful.

**4. Intoxicating liquors ⚖=131—Manufacture of vessel usable as part of still must be with specific wrongful intent.**

Under National Prohibition Law, tit. 2, § 18, the act of manufacturing a vessel capable of being used as part of a still must be coupled with the specific intent to do the wrong denounced in the statute, before defendant is guilty.

**5. Intoxicating liquors ⚖=236(19)—Intent to manufacture vessel for prohibited purpose must be shown.**

Under National Prohibition Law, tit. 2, § 18, the wrongful intent in manufacturing a vessel capable of being used as part of a still must be proved as an independent fact, or circumstances established from which it would be proper to permit a jury to find such intent.

**6. Intoxicating liquors ⚖=236(19)—Evidence insufficient to show wrongful intent in manufacturing copper vessel.**

In a prosecution under National Prohibition Law, tit. 2, § 18, evidence *held* insufficient to show an intent to manufacture stills for use in the unlawful manufacture of liquor, in manufacturing copper vessels capable of being used as part of a still.

**7. Criminal law ⚖=753(2)—Verdicts should be directed, unless there is evidence of facts excluding every hypothesis but guilt.**

Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial judge to direct a verdict for accused.

**8. Criminal law ⚖=1159(2)—Judgment reversed when evidence consistent with innocence.**

Where all the substantial evidence is as consistent with innocence as with guilt, it is the duty of an appellate court to reverse a judgment of conviction.

**9. Intoxicating liquors ⚖=242—Imprisonment held not authorized on first conviction.**

Under National Prohibition Act, tit. 2, §§ 18, 29, one convicted of manufacturing and possessing for sale vessels, etc., designed or intended for use in the unlawful manufacture of intoxicating liquor as a first offense cannot be punished by imprisonment.

In Error to the District Court of the United States for the Eastern District of New York.

Hyman Nosowitz and another were convicted of an offense, and they bring error. Reversed.

Morris Kamber, of New York City (Otho S. Bowling, of New York City, of counsel), for plaintiffs in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Henry J. Walsh, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MANTON, Circuit Judge. The plaintiffs in error were charged in an information with an offense in that on or about the 22d of December, 1920, within the jurisdiction of the Eastern district, they did "unlawfully, willfully, and knowingly manufacture and possess for sale and for some time prior thereto sell a certain machine, contrivance, or still designated or intended for use in the unlawful manufacture of intoxicating liquors," in violation of section 18 of title 2 of the Volstead Act (41 Stat. 313). At the end of the government's proof, the plaintiffs in error moved to dismiss the information, which motion was denied. The plaintiffs in error offered no evidence.

Two witnesses were called on behalf of the government. The first, a so-called prohibition enforcement agent, testified that he went to 8 Noll street, which was a factory building and had the name "S. Nosowitz & Son" upon it. He describes it as a two-story house, old-fashioned, with a factory on the parlor floor. In the factory he saw some galvanized open cans. He talked with Mr. Nosowitz whom he describes as the father, and asked him what he was making these vessels for, to which he replied, "You know." The witness then said, "They can make whisky, you know," and the reply was, "Yes." He thereupon asked him to sell the witness one of them, and he said "No," that he sold for wholesale only. That was all the conversation had. Whereupon a search warrant was issued and a seizure made, resulting in the prohibition agent taking some copper coils or pipe, screw caps, and some unfinished copper vessels, and they were placed in a warehouse.

The same witness visited the premises of one Grossman at 494 Ninth avenue, New York City, and there seized two alleged stills, one of which was produced in court and marked for identification. He was thereupon asked if that was the same type of vessel as was seized at the premises of Nosowitz, and he said it was. He then related a conversation had with the elder Nosowitz about these "stills." In this last conversation, the witness told Nosowitz that the vessels were stills, and that he found two of them in Grossman's premises on Ninth avenue, and further that Grossman told the witness that he had purchased them from Nosowitz, for which he said he had a check showing payment, and that Grossman had them in his store for sale, to which the elder Nosowitz replied that he sells them in lots to agents, and "they may be all over," and "sold as well as in Grossman's." This plaintiff in error said he thought the law permitted him to make them, and he called them "vessels." He was thereupon permitted to testify that the vessel seized from the plaintiffs in error and the parts "constituted the component parts of a still."

Grossman testified that he was in the hardware and crockery business at 494 Ninth avenue. He identified the vessel which was seized at his premises, and testified that he did not pay for the vessel before it was taken away from him; but he had a bill rendered him, with the name of the creditor thereon as "A. S. Nosowitz." He did not know either of the plaintiffs in error and had never seen them. He bought the can, he says, from some salesman who came to his premises. There appeared a label on the vessel "for storing gas and oils." Upon this testimony, the jury were permitted to speculate as to an

intentional violation of the statute on the part of the plaintiffs in error. They rendered a verdict of guilty.

[1] The name of Hyman Nosowitz (who has been found guilty) was not used or referred to in all the testimony adduced, and the witness refers to Nosowitz as the "elder Nosowitz," and the only information that the record discloses of there having been any one else than the "elder Nosowitz" is the fact that the name of "S. Nosowitz & Son" was upon the door of the so-called factory. It might well be that Nosowitz had more than one son, and it is not shown that he even had a son. It might also be a fact that the name is used as a tradename, or was, in point of fact, a corporation. It was error to deny the motion to direct a verdict as against Hyman Nosowitz on the proof. It is apparent that the "elder Nosowitz," who appears to be the plaintiff in error Simon Nosowitz, was engaged in manufacturing copper pails or vessels.

[2-6] Section 18, title 2, of the National Prohibition Law, provides that—

"It shall be unlawful to advertise, manufacture, sell or possess for sale any vessel, contrivance and machine, compound, tablet * * * designed or intended for use in the unlawful manufacture of intoxicating liquor."

It has always been the law (unless otherwise prescribed by statute) that to convict one of crime requires the proof of an intention to commit a crime. This statute requires that it be shown that the still is "intended for use in the unlawful manufacture of intoxicating liquors." There is no presumption created by the statute which presumes the possession of a vessel that might be used as a still or part of a still to be unlawful. The act of manufacturing must have coupled with it a specific intent to do the wrong denounced in the statute before the defendants may be said to be guilty. Such intent must be proved as an independent fact, or at least circumstances established from which it would be proper to permit a jury to find such intent. There was no proof that the plaintiffs in error intended to manufacture the stills to be used for the unlawful manufacture of liquor. Indeed, all the testimony offered, Grossman's business, and the statements made by the plaintiff in error Simon Nosowitz, show the contrary. The fact that it was possible to use the vessel as a still or a part thereof, is not sufficient.

[7, 8] Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial judge to instruct the jury to return a verdict for the accused, and where all the substantial evidence is as consistent with innocence as with guilt, it is the duty of this court to reverse a judgment against the plaintiffs in error. Union Pacific Coal Co. v. United States, 173 Fed. 737, 97 C. C. A. 578; Isbell v. United States, 227 Fed. 788, 142 C. C. A. 312. It will be noted that the statute says the unlawful manufacture of intoxicating liquor. The National Prohibition Act permits of the manufacture of intoxicating liquor for specific purposes. We may not indulge in the presumption that these cans were possible of use for unlawfully manufacturing intoxicating liquor, for we cannot presume that men will do wrong. Although the description of the tins or pails

is very indefinitely given in the testimony, we can conceive of many lawful purposes that the vessels could be used for. The trial judge should have also granted the motion to direct a verdict of acquittal as to the plaintiff in error Simon Nosowitz.

[9] The sentence of the court was a prison term of 30 days to the plaintiff in error Hyman Nosowitz and 1 day to Simon Nosowitz. The learned Assistant United States Attorney, with commendable frankness, called our attention, on the oral argument, to the absence of statutory authority in the National Prohibition Act to impose a prison term. Nowhere in the act is there a provision permitting imprisonment for the first violation of title 2, § 18, of this act. Section 29, title 2, of the National Prohibition Act, provides the penalty, which is, for the first offense, a fine of not more than $500; for the second offense, not less than $100 nor more than $1,000 or imprisonment for not more than 90 days; and for subsequent offenses, not less than $500 or imprisonment for not less than 3 months or more than 2 years. There is no evidence in the record showing that the plaintiffs in error had previously been convicted of any other offense.

It follows that the judgment of conviction is reversed.

---

&c==For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes