**TROMBETTA v. UNITED STATES.**
**No. 4653.**

Circuit Court of Appeals, Third Circuit.
Jan. 5, 1932.

Benjamin L. Stein, of Paterson, N. J., for appellant.

Phillip Forman, of Trenton, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Trombetta was convicted on an indictment charging him with demanding and accepting money with intent to have his decision and action as a United States prohibition agent influenced. The defendant asked for binding instructions in his favor. We are of opinion the trial judge would have erred had he so done. The proof was sufficient to send the case to the jury, and the two counts on which he was convicted were in proper form in view of the supporting evidence.

It is complained, however, the court erred in forcing the trial on the day it was held, and that the defendant should have been allowed time to obtain further evidence. Of course, the insistence of a case being tried and his refusal to postpone are peculiarly questions of discretion. As such, his decision will not be set aside unless there is abuse of such discretion. There is no such thing in this case. After conviction, the defendant was given two months before sentence. During that time he made no motion for a new trial, and neither then nor now has he shown any substantial evidence which would mitigate against the justice of his sentence.

The judgment below is affirmed.

**HOGAN et al. v. UNITED STATES.**
**No. 5991.**

Circuit Court of Appeals, Fifth Circuit.
Jan. 12, 1932.

Edwin H. Grace and Edwin C. Hollins, both of New Orleans, La., for appellants.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La., and A. W. Henderson, Sp. Asst. to Atty. Gen.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Thomas Jerome Woods was convicted, with a number of others, on three counts of an indictment charging, respectively, unlawful importation, concealment after importation, and transportation of intoxicating liquor. He was acquitted of conspiracy, based on the same transactions, charged in a fourth count of the same indictment. The conviction of all the parties was affirmed. (C. C. A.) 48 F.(2d) 516. A rehearing was granted Woods (C. C. A.) 50 F.(2d) 1078. The case was again submitted on the original record and briefs on file. A further consideration of the record convinces us that, Woods having been acquitted by the jury of the conspiracy charge, the evidence was not sufficient to sustain his conviction on the other counts. It was error not to grant his motion for a directed verdict of acquittal.

Reversed and remanded.