## NAZZARO v. UNITED STATES.
### No. 431.

Circuit Court of Appeals, Tenth Circuit.
Feb. 26, 1932.

Forrest C. Northcutt, of Denver, Colo., for appellant.

Jean S. Breitenstein, Asst. U. S. Atty., of Denver, Colo. (Ralph L. Carr, U. S. Dist. Atty., of Denver, Colo., on the brief), for the United States.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

The appellant Dominick Nazzaro, James Mareno, Tony Christoff, and Martin Diulio were indicted by the grand jury for violation of the National Prohibition Law (27 USCA). The indictment contained four counts. The first charged that the defendants sold intoxicating liquor, to wit, several drinks of whisky, at the Alpine Café, in the town of Aguilar, county of Las Animas, state of Colorado, on November 23, 1929. The second count charged the sale of four drinks of whisky by the defendants at the same place on July 5, 1930. The third count charged the defendants with the possession of intoxicating liquor at the same place on the 5th of July, 1930. The fourth count charged the defendants with the maintenance of a common nuisance in the said premises on July 5, 1930, and theretofore, by keeping and selling intoxicating liquors therein.

The defendant Mareno entered a plea of guilty. The other defendants entered pleas of not guilty and stood trial. After the jury had been impaneled, the district attorney dismissed the first count of the indictment. At the conclusion of the evidence, each of the defendants on trial moved the court to direct a verdict in his favor. The court granted the motion of the defendant Diulio, but denied the motions of the defendants Nazzaro and Christoff. The jury found the defendant Christoff guilty on the second, third, and fourth counts and the defendant Nazzaro guilty on the second and fourth counts of the indictment. The defendant Nazzaro has appealed the case to this court, and assigns the denial of his motion for a directed verdict as error. This assignment we believe to be·well taken. The facts of the case not in dispute or stated favorably for the government are as follows:

On July 5, 1930, appellant operated a pool hall in the building in which the Alpine Café was located. A hall separated the pool hall and café. Doors from each opened into the hall. Both pool hall and café had been in operation since November, 1929.

During the time from November, 1929, to July 5, 1930, the pool hall was owned and operated by the appellant alone. Until about the middle of April, 1930, he had been a

partner with the defendant Mareno in the operation of the café. In April he sold his interest in the café to the defendant Christoff. The building in which the pool hall and café were located was owned by one Poma, appellant's father-in-law. Christoff and Mareno continued to occupy the premises after the sale to Christoff under some arrangement made by or through appellant with Poma, the owner. Appellant visited the café once a week and collected the rent from them, and turned it over to his father-in-law.

Intoxicating liquor was sold on the premises by Mareno and Christoff on July 5, 1930, and at divers times prior to that date. Except the weekly visits to collect the rents, appellant was not in the café, and he had nothing to do with any of the sales of intoxicating liquor made in the café after he sold his interest to Christoff.

Upon the facts so far stated, it is quite clear that appellant could not be justly convicted for the sale made on July 5th charged in the second count or for the maintenance of the nuisance on said premises as charged in the fourth count of the indictment. However, in addition to the above facts, it appears that, during the time appellant was interested in the café, Mareno had charge of the business and operated the café; that intoxicating liquor was sold there by Mareno during that time, and that appellant knew of such sales and shared in the profits.

It is the contention of the government that, because of this knowledge, appellant must have known that the illegal traffic in intoxicating liquor would be continued on the premises, and that, having negotiated for the occupation of the premises by Christoff and Mareno with this knowledge, he became an aider and abettor of their subsequent violations of the national prohibition law. With this contention we cannot agree. There is no evidence in the record that, at the time of the sale of his interest in the café to Christoff, appellant agreed to obtain a lease of the premises from his father-in-law for Christoff and Mareno with the understanding that liquor would continue to be sold by them on the premises. Appellant was not the owner of the premises. He had no authority to lease the premises except as the agent of Poma, the owner, and, the lease having been made, it is not shown that he had authority to terminate it or to evict the tenants. Cardinal v. United States (C. C. A.) 50 F.(2d) 166.

In the face of the presumption of inno-

cence which always accompanies a defendant in a criminal prosecution, it seems quite clear that there is no substantial evidence in the record which sustains the contention that appellant was an aider and abettor of Mareno and Christoff in the violations of the prohibition law committed by them during the period that they were the owners and operators of the café.

For the purpose of upholding the conviction of appellant upon the fourth count of the indictment, counsel for the government in their brief say that: "It must be remembered, however, that the evidence for the prosecution showed that Nazzaro was directly connected with the maintenance of the nuisance for nearly six months. During that time he was a partner of Mareno and shared the profits arising from the sale of intoxicants. He knew that whiskey was sold as part of the regular bill of fare. Surely, under such circumstances, he is guilty as a principal."

Continuing, they say counsel for appellant "urge that the indictment charged the maintenance of a nuisance on July 5, 1930, and that Nazzaro sold out to Christoff on April 19th, 1930."

And in answer to this contention counsel for the government, continuing, say: "Of course the prosecution is not bound by the exact day alleged. The nuisance is shown definitely to have been participated in by the appellant in the period between November, 1929, and April, 1930. This was within the statute of limitations and is, we submit, sufficient to sustain the conviction."

Counsel for the government seem to overlook the fact that the indictment charged appellant, jointly with Christoff, with the maintenance of a common nuisance on July 5, 1930, and prior thereto. At the trial counsel dismissed the count of the indictment charging a sale in November, 1929, and secured a conviction of both Nazzaro and Christoff for the sale of July 5, 1930, and for the maintenance of a nuisance at that time and prior thereto. Christoff was not guilty of any sale made prior to the time that he became interested in the business, nor could he be convicted of the maintenance of a nuisance on the premises prior to that time. It is quite true, as counsel say, that the evidence showed the appellant Nazzaro was a party to the sales of liquor and to the maintenance of a nuisance upon the premises during the time he had been connected with the business. It is also true, as counsel say, that the prosecution was not bound by the exact

date alleged in the indictment. But the government is bound to charge in separate indictments defendants accused of independent offenses. Christoff had nothing to do with any offense committed by Nazzaro during the time Nazzaro was interested in the business from November, 1929, to April, 1930. And, as we have seen, Nazzaro may not be convicted for the offenses committed by Christoff after that date.

Hence we have Christoff convicted upon the second and fourth counts of the indictment for offenses committed between April and July 5, 1930, and the defendant Nazzaro convicted under the same counts of the indictment for offenses committed between November, 1929, and the middle of April, 1930.

The questions here discussed were considered in Coco v. United States (C. C. A.) 289 F. 33. See, also, Latses v. United States (C. C. A.) 45 F.(2d) 949.

At the conclusion of the evidence, the motion of the defendant Nazzaro for a directed verdict in his favor should have been sustained.

Reversed