## LAPADURA v. UNITED STATES.
### No. 6403.

Circuit Court of Appeals, Third Circuit.
July 21, 1937.

Minturn & Weinberger, of Newark, N. J. (Harry H. Weinberger, of Newark, N. J., of counsel), for appellant.

John J. Quinn, U. S. Atty., of Red Bank, N. J., and William F. Smith, Asst. U. S. Atty., of Trenton, N. J.

Before THOMPSON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of New Jersey. The defendant was charged in an indictment containing four counts with violation of the internal revenue laws, in that he carried on the business of a distiller with intent to defraud the government of the tax; was in the possession of an unregistered still; worked in a distillery upon which there was no sign "Registered Distillery"; and made and fermented mash in a building not authorized as a distillery. The defendant was convicted on the first and fourth counts, the court having directed a verdict of acquittal on the second and third counts.

The case presented by the United States rested entirely upon the testimony of one Conor, a member of the Alcohol Beverage Control Unit of the State of New Jersey, who stated that while he was concealed in the kitchen of one Cincio, he overheard the following conversation:

"A. He stated he hadn't got any rent for the premises, and he was informed by Lapadura that the place hadn't been going for a few days, and that they were going to start that night, and that he would get the rent in a few days.

"Q. Who told him that? A. Lapadura.

"Q. Told Cincio that? A. That is correct.

"Q. After that conversation took place, did Lapadura remain on the premises? A. No, he left the premises in an automobile."

There was further testimony that a still was found in a barn on the same premises as the farmhouse in which the witness was concealed.

The record is barren of testimony as to any facts connecting the defendant with distillation of spirits or fermentation of mash other than the conversation set out above. We are of the opinion that the trial judge should have directed a verdict for the defendant on all counts.

Judgment reversed.