### REINER v. UNITED STATES.
### No. 8377.

Circuit Court of Appeals, Ninth Circuit.
Nov. 13, 1937.

See, also, 92 F.(2d) 321.

D. Brandon Bernstein, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Joseph J. Irwin, Wm. F. Hall, and Norman W. Neukom, Asst. U. S. Attys., all of Los Angeles, Cal.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment following a conviction for concealing assets from a bankrupt estate. The offense is defined in 11 U.S.C.A. § 52(b): "(b) A person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently (1) concealed

from the receiver, trustee, United States marshal, or other officer of the court charged with the control or custody of property, or from creditors in composition cases, any property belonging to the estate of a bankrupt."

The indictment, filed September 9, 1936, charged that on April 30, 1936, an involuntary petition in bankruptcy was filed against the defendant Reiner; that on June 11, 1936, he was duly adjudicated a bankrupt; and that on July 7, 1936, one E. A. Lynch was appointed trustee in bankruptcy, and "That commencing on or about the said 7th day of July, 1936, and continuously thereafter up to and including the date of the filing of this indictment, the said Max K. Reiner * * * did wilfully, unlawfully, knowingly and fraudulently conceal from the said E. A. Lynch, as trustee as aforesaid, a portion of the property and assets belonging to the estate of said bankrupt. * * *"

The question on this appeal, presented by motion for directed verdict, is whether there is any substantial evidence to support the charge in the indictment.

The proof shows that the defendant, Max K. Reiner, was, prior to his bankruptcy, engaged in the business of manufacturing ladies' underwear and blouses under the name of Em-Kay Manufacturing Company, in the City of Los Angeles. On or about April 24, 1936, he journeyed from Los Angeles to Denver, Colo., taking with him certain textile materials from his Los Angeles plant and a sum in cash. Two days before he left Los Angeles he possessed in cash the sum of $2,670.

The government claims the defendant fled to Denver to avoid surrendering his assets to the bankruptcy court. Defendant asserts he was unaware of bankruptcy proceedings and went to Denver for reasons of health. There is no direct evidence of his knowledge of the bankruptcy proceedings and no more than circumstantial evidence to the effect that he knew he was in difficult circumstances and that he requested his bookkeeper to add $10,000 to his book assets.

On April 30, 1936, E. A. Lynch was appointed receiver of the bankrupt. In the early part of June he went to Denver, where he found the defendant engaged in the same business as he had been carrying on in Los Angeles. He informed defendant that he had been adjudicated bankrupt, and demanded a surrender of all property, He obtained from the defendant all property in the form of textile goods, and in cash the amount of $1,210.34.

Any concealment of assets shown in this case occurred before the end of June, 1936, and did not constitute concealment from the trustee in bankruptcy. If there existed any concealment, it was from E. A. Lynch, as receiver. The indictment alleges that defendant concealed assets from E. A. Lynch, as trustee, from and after July 7, 1936. No trustee was appointed until that date.

Such being the case, it would seem that the evidence cannot warrant a conviction under the indictment. The variance between charge and evidence is too great. The rule is stated in Berger v. U. S., 295 U.S. 78, 81, 55 S.Ct. 629, 630, 79 L.Ed. 1314:

"Section 269 of the Judicial Code, as amended (U.S.C. title 28, § 391 [28 U.S.C. A. § 391]) provides:

"'On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.'

"The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense."

An indictment charging concealment from the trustee on July 7th and after does not apprise defendant that he will have to meet a charge of concealment from the receiver in April, May, and June. Nor would it be a bar to a second prosecution for concealment from the receiver.

In Hersh v. U. S. (C.C.A.9) 68 F.(2d) 799, 804, the defendant was indicted for concealing assets from the trustee in bankruptcy. The court said: "The burden of proof was upon the government to show the concealment of the funds alleged in the

indictment. In view of the fact that the concealment relied upon consisted in the transfer of moneys to Klein and Auerbach several, months before the trustee qualified, it was essential to show that this concealment continued down to the time the trustee was appointed and thereafter, with intent to deprive the trustee and the creditors of the aforementioned sum."

The government contends that, even if the variance between indictment and proof is material, still the evidence shows that concealment occurred after the appointment of Lynch as trustee, on July 7, 1936. There is no merit in this contention. It rests upon the assumption that, because the defendant did not, in June, turn over to the receiver all the cash he had obtained in Los Angeles on April 22d, before his departure for Denver, therefore he must have had some left on July 7th, and therefore that amount was concealed on or after July 7th.

On this the burden of proof was on the appellee. Of the $2,670 cash appellant had on April 22d, he paid out, before he left Los Angeles, to attorneys and salesmen $540. Arriving in Denver, he spent $195 in rent, for accommodations in that city. The total thus accounted for amounts to $735. This leaves $1,935. In June, E. A. Lynch went to Denver and took from defendant all his textile stock and the sum of $1,210.34 in cash. This left $725 in cash. unaccounted for. There is no evidence that this was not expended in necessary living expenses between April 24th and July 7th. The appellee failed to maintain its burden of proof that there was any of it left to conceal on July 7th.

The judgment is reversed, the mandate to issue forthwith.